**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| In Re: | § | |
| MERSCORP INC., ET AL., REAL | § | MDL Docket No. 1810 |
| ESTATE SETTLEMENT PROCEDURES | § | |
| ACT (RESPA) LITIGATION | § | ALL CASES |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## ORDER NO. 9

On June 22, 2007, the Court conducted a status conference in the above-styled multi-district litigation. At that conference, the Court hereby ORDERED as follows:

1.  In addition to their RESPA claims, the Plaintiffs in <u>Allen v.</u> <u>MERSCORP, Inc.</u> (Case No. 07-97) and <u>Senier v. MERSCORP, Inc.</u> (Case No. 07-165) have asserted purported state law class action claims under Indiana and New Hampshire law, respectively. Because these are strictly state law claims, continued consolidated pretrial proceedings with respect to these claims will not conserve resources or benefit the parties in MDL-1810. MDL-1810 is a federal multi-district litigation limited to federal RESPA claims. Accordingly, the Court hereby SEVERS: **(1)** Plaintiffs' claims in <u>Allen v.</u> <u>MERSCORP, Inc.</u> (Case No. 07-97) under the Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1 to -10; and **(2)** Plaintiff's claims in <u>Senier v. MERSCORP, Inc.</u> (Case No. 07-

165) under the New Hampshire Consumer Protection Act, RSA 358.[1]  The Court hereby SENDS these severed state law causes of action to the Judicial Panel on Multidistrict Litigation with a recommendation that, for the convenience of the parties and to promote the just and efficient conduct of the case: **(1)** the severed portions of <u>Allen v. MERSCORP, Inc.</u> (Case No. 07-97) be REMANDED to the United States District Court for the Southern District of Indiana, where the case was originally filed and assigned Cause No. 1:07-cv-57; and **(2)** the severed portions of <u>Senier v. MERSCORP, Inc.</u> (Case No. 07-165) be REMANDED to the United States District Court for the District of New Hampshire, where the case was originally filed and assigned Cause No. 1:07-cv-49.[2]  <u>In re Bridgestone/Firestone, Inc.</u>, 128 F.Supp.2d 1196, 1197 (S.D. Ind. 2001) (citing <u>In re Air Crash Disaster</u>, 461 F. Supp. 671, 672-73 (J.P.M.L. 1978)) (remand is appropriate when the case will no longer "benefit from further coordinated proceedings as part of the MDL.");

---

[1]Of note, in both <u>Allen v. MERSCORP, Inc.</u> (Case No. 07-97) and <u>Senier v. MERSCORP, Inc.</u> (Case No. 07-165), the Plaintiffs assert their state law claims on their own behalf and as purported class actions.

[2]This Court only has the power to recommend remand of the severed portions of the above-referenced member cases, as the power to remand a case to the transferor court lies with the Judicial Panel on Multidistrict Litigation.  <u>See</u> 28 U.S.C. § 1407(a) ("Each action ... transferred [by the Panel] shall be remanded *by the panel* at or before the conclusion of such pretrial proceedings to the district from which it was transferred") (emphasis added).

see also In re Heritage Bonds Litig., 217 F.Supp.2d 1369, 1370 (J.P.M.L. 2002) (citing 28 U.S.C. § 1407) (remand is appropriate unless continued coordinated pretrial proceedings will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary"); In re Patenaude, 210 F.3d 135, 145 (3d Cir. 2000).[3]

2.   The purported nationwide RESPA class in this case is limited to persons who closed on their mortgages on or after June 5, 2005.   RESPA provides a strict, one-year statute of limitations for violations of the RESPA prohibitions in § 2607.   See 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought ... within ... 1 year").   This one-year statute of limitations begins to run from the date of closing.   See Snow v. First Am. Title Ins. Co., 332 F.3d 356, 358 (5th Cir. 2003).   However, when a purported class action is commenced, the applicable statute of limitations is tolled "as to all asserted members of the class" (those who would be parties if the Rule 23(a)(1) requirements were met).   Am. Pipe & Constr.

_____

[3]Except as provided by Paragraph No. 3 of this Order, the portions of Allen v. MERSCORP, Inc. (Case No. 07-97) and Senier v. MERSCORP, Inc. (Case No. 07-165) that allege RESPA claims remain pending as part of MDL-1810.  Paragraph No. 1 of this Order only pertains to the severed portions of Allen v. MERSCORP, Inc. and Senier v. MERSCORP, Inc.

<u>Co. v. Utah</u>, 414 U.S. 538, 554 (1974); <u>see</u> <u>also</u> <u>Crown, Cork &</u>
<u>Seal Co., Inc. v. Parker</u>, 462 U.S. 345, 350-51 (1983); <u>Neely</u>
<u>v. City of Grenada</u>, 799 F.2d 203, 213 (5th Cir. 1986).   In
this case, the first time any plaintiff in MDL-1810 asserted
a class action allegation was when Plaintiff Rochelle Knighton
filed her "Amended Class Action Complaint" on June 5, 2006
(D.E. 6, Case No. 07-29).   The statute of limitations was
therefore tolled as of June 5, 2006, and the purported class
is limited in scope to persons who closed on their mortgages
on or after June 5, 2005.[4]

3.   Certain MDL-1810 member case Plaintiffs closed on their
mortgages earlier than June 5, 2005.  Accordingly, the Court
hereby <u>sua</u> <u>sponte</u> DISMISSES the following MDL-1810 member
cases pursuant to the RESPA statute of limitations set forth
in 12 U.S.C. § 2614:[5]

---

[4]Plaintiff Rochelle Knighton did file an Original Complaint
on April 13, 2006, which did <u>not</u> contain any class action
allegations.  (D.E. 1, Case No. 07-29).  Plaintiffs had
previously argued that the purported RESPA class should include
persons who closed on their mortgages one year prior to April 13,
2006, the date Rochelle Knighton filed her Original (non-class
action) Complaint.  (MDL D.E. 26).  The Court specifically
rejects this argument, as tolling only begins as of the date of
filing of a <u>purported class action</u>, not as of the date of an
individual complaint.  <u>Am. Pipe & Constr. Co.</u>, 414 U.S. at 554.

[5]<u>See</u> <u>Eberhardt v. Merck & Co. Inc.</u>, 106 Fed.Appx. 277, 278
(5th Cir. 2004) ("Although the defense of limitations usually
must be raised by the defendants in the district court, it also
may be raised <u>sua</u> <u>sponte</u> by the district court.").  Of note, the
Court also provided notice to the Plaintiffs that RESPA contains
a one-year strict statute of limitations, and the Court ORDERED

a.  <u>Kinney v. MERSCORP, Inc.</u> (Case No. 07-22).  Plaintiff
    Eric Kinney closed on his mortgage on December 10, 2004
    (Kinney Aff., ¶ 2).

b.  <u>Papian v. MERSCORP, Inc.</u> (Case No. 07-24).  Plaintiff
    Justin Papian closed on his mortgage on December 1, 2004
    (Papian Aff., ¶ 2).

c.  <u>Griffin v. MERSCORP, Inc.</u> (Case No. 07-26).  Plaintiff
    Stafford Griffin closed on his mortgage on January 20,
    2004 (Griffin Aff., ¶ 2).

d.  <u>Stewart v. MERSCORP, Inc.</u> (Case No. 07-28).  Plaintiffs
    Leonard W. and Laura M. Stewart closed on their mortgage
    on February 26, 2004 (Stewart Aff., ¶ 1; Complaint, Exh.
    A).

e.  <u>Mitcham v. MERSCORP, Inc.</u> (Case No. 07-80).  Plaintiff
    Colleen Mitcham closed on her mortgage on February 28,
    2005 (Mitcham Aff., ¶ 4).

f.  <u>Kernan v. MERSCORP, Inc.</u> (Case No. 07-82).  Plaintiff
    Tina Kernan closed on her mortgage on January 13, 2005
    (Kernan Aff., ¶ 1).

g.  <u>Craig v. MERSCORP, Inc.</u> (Case No. 07-83).  Plaintiff
    Carla Ann Craig closed on her mortgage on April 15, 2005
    (Craig Aff., ¶ 1).

---

all MDL-1810 Plaintiffs to file affidavits indicating the dates
they closed on their mortgages.  (MDL D.E. 14, Order No. 2, ¶¶ 5;
7(b)).

      h.    <u>Ginn v. MERSCORP, Inc.</u> (Case No. 07-86).  Plaintiffs William R. and Laura M. Ginn closed on their mortgage on June 20, 2003 (Ginn Aff., ¶¶ 2, 4; Complaint, Exh. A).

      i.    <u>Groenevelt v. MERSCORP, Inc.</u> (Case No. 07-90). Plaintiffs Benjamin E. Groenevelt and Meredith L. Wanner closed on their mortgage on May 21, 2004 (Groenevelt/Wanner Aff., ¶ 2).

      j.    <u>Bolton v. MERSCORP, Inc.</u> (Case No. 07-162).  Plaintiff David Bolton closed on his mortgage on March 22, 2004 (Bolton Aff., ¶¶ 2, 4).

      k.    <u>Blaylock v. MERSCORP, Inc.</u> (Case No. 07-163).  Plaintiffs John C. and Diane Blaylock closed on their mortgage on July 30, 2003 (J. Blaylock Aff., ¶ 2; D. Blaylock Aff., ¶ 2).

      l.    <u>Senier v. MERSCORP, Inc.</u> (Case No. 07-165).  Plaintiff Siobhan Senier closed on her mortgage on June 1, 2005 (Senier Aff., ¶¶ 2, 3).

      m.    <u>Hughes v. MERSCORP, Inc.</u> (Case No. 07-169).  Plaintiffs Wesley D. Hughes and Charlene Hayes-Hughes closed on their mortgage on March 24, 2004 (Notice of Closing Date, ¶ 4).

4.    The next hearing in this case is hereby set for Wednesday, September 12, 2007, at 8:00 AM.  The parties shall submit proposed agendas to the Court no later than September 5, 2007,

at 3:00 PM.

SIGNED and ENTERED on this the 22nd day of June, 2007.

_____
Janis Graham Jack
United States District Judge